IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

STEPHEN TROGDON, on behalf of
himself and all individuals similarly
situated                                                                    PLAINTIFF

v.                                  Case No. 5:14-CV-05057

KLEENCO MAINTENANCE &
CONSTRUCTION, INC.                                              DEFENDANT

## OPINION AND ORDER

Currently before the Court and ripe for consideration are Defendant Kleenco Maintenance

& Construction, Inc.'s ("Kleenco") motion for partial summary judgment (Doc. 13), and Plaintiff

Stephen Trogdon's motion to strike Kleenco's motion for partial summary judgment (Doc. 16).  The

issue raised in the motions is whether the Court can properly consider a motion for summary

judgment as to claims of putative members of the proposed collective action at this stage in the

litigation.  For the reasons discussed below, Kleenco's motion for partial summary judgment (Doc.

13) is DENIED and Trogdon's motion to strike (Doc. 16) is DENIED.

I.      **Background**

For the purposes of considering the instant motions, the Court assumes the following facts

to be true.  Kleenco operates offices throughout the United States, including an office in Centerton,

Arkansas.  In June 2013, Kleenco became the subject of a United States Department of Labor

("Department of Labor") investigation involving unpaid overtime compensation dating back to

August 31, 2011.  In cooperation with the Department of Labor, Kleenco personnel calculated unpaid

overtime compensation for each employee in Kleenco's Arizona, Arkansas, Indiana, and Maryland

offices.  Kleenco personnel then visited each office to meet with employees, explain the amounts

owed to them individually, provide check payments, and obtain signed "Release and Settlement Agreements" from each employee.

Trogdon was an employee of Kleenco from November 20, 2010 through the relevant time of the Department of Labor investigation, and one of only ten employees from the Arkansas office who did not sign a Release and Settlement Agreement from Kleenco or cash the check provided to him for unpaid overtime. The nine other individuals who did not sign Release and Settlement Agreements or cash their repayment checks have not yet been located.

Kleenco argues that Trogdon's collective action is improper due to the other Kleenco employees having signed Release and Settlement Agreements and having cashed their checks. As a result, Kleenco seeks summary judgment on all claims made on behalf of the unknown putative class members. Trogdon argues that Kleenco's motion for summary judgment should be stricken because no other parties have yet joined the action pursuant to 29 U.S.C. § 216(b). Alternatively, Trogdon seeks to have the motion stayed pending further determinations as to the collective action.

## II.    Motion for Summary Judgment

The Court finds that Kleenco's motion for partial summary judgment should be denied as procedurally improper. It is well-established that "one is not bound by a judgment in personam resulting from litigation in which he is not designated as a party or to which he has not been made a party by service of process." *Zenith Radio Corp v. Hazeltine Research, Inc.*, 395 U.S. 100, 110 (1969) (citing *Hansberry v. Lee*, 311 U.S. 32, 40–41 (1940)). Pursuant to section 216(b) of the Fair Labor Standards Act of 1938 ("FLSA"), employees may bring actions to recover against any employer on "behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). "Unlike Federal Rule of Civil Procedure 23, a collective action maintained under the

FLSA is pursued as an opt-in class." *Aaron v. Summit Health & Rehab., LLC*, 2014 WL 1095829, at *1 (W.D. Ark. Mar. 19, 2014).  The FLSA provides that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which the action is brought."  29 U.S.C. § 216(b).

Currently, the only parties before this Court are Trogdon and Kleenco.  Though this action was filed as a putative collective action, Trogdon has not moved to certify any class, conditionally or otherwise, nor have any putative class members sought to opt in to the action.  Because no collective action has been certified and no additional parties joined, no member of the putative class would be bound by a judgment.  *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1349 (2013) ("[A] plaintiff who files a proposed class action cannot legally bind members of the proposed class before the class is certified.") (citing *Smith v. Bayer Corp.*, 131 S. Ct. 2368, 2380 (2011)); *Zenith*, 395 U.S. at 110.  Accordingly, there is no case or controversy regarding any putative class members' rights upon which this Court may rule.

Arguably, granting Kleenco's Motion for Summary Judgment at this stage could serve as a *de facto* denial of certification of a collective action, as Kleenco is seeking to prevent anyone other than Trogdon from proceeding.  Such a ruling is improper at this stage.  Instead, the Court will follow the two-stage approach to the certification process for collective actions followed by a majority of district courts within the Eighth Circuit.  *Croft v. Protomotive, Inc.*, 2013 WL 1976115, at *1 (W.D. Ark. May 13, 2013).  The first stage in that process is for Trogdon to seek certification of his collective action, at which point the Court will determine whether the class should be conditionally certified for the purpose of allowing a court-authorized notice to be sent to potential class members.  *Id.*  Any issues regarding the suitability of this action proceeding as a collective

3

action will be initially addressed at that time.  If a collective action is conditionally certified, once discovery is largely complete, Kleenco will still have the opportunity to move for decertification if desired and appropriate.  *Id.*

**III.     Motion to Strike**

Trogdon's motion to strike is, in substance, a response to Kleenco's motion for summary judgment. As such, striking the motion from the record is unnecessary.  In addition, Trogdon's alternative request to stay consideration of the motion is denied as moot in light of the Court's denial of the motion and the above explanation of the procedure to be followed in this action.

**IV.     Conclusion**

For all the reasons set forth above, IT IS ORDERED that Defendant's motion for partial summary judgment (Doc. 13) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's motion to strike defendant's motion for summary judgment (Doc. 16) is DENIED.

In accordance with the text only order entered May 29, 2014, parties are to file a Rule 26(f) report by September 2, 2014.  The parties should include in that report a proposed deadline for Plaintiff to file a motion for certification of the collective action.

IT IS SO ORDERED this 21st day of August, 2014.


/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE