IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

STEPHEN TROGDON, individually and on behalf
of and all others similarly situated                                                                        PLAINTIFF

v.                                         Case No. 5:14-CV-05057

KLEENCO MAINTENANCE & CONSTRUCTION, INC.                                          DEFENDANT

**OPINION AND ORDER**

Before the Court is Defendant Kleenco Maintenance & Construction Inc.'s ("Kleenco") motion to compel (Doc. 31), Plaintiff Stephen Trogdon's response (Doc. 33), and Kleenco's reply (Doc. 35). For the following reasons, the Court finds that Kleenco's motion to compel (Doc. 31) should be GRANTED IN PART and DENIED IN PART.

**I.      Background**

The instant dispute arose from Trogdon's responses to Kleenco's first set of interrogatories and requests for production. Kleenco served the discovery requests on October 21, 2014. Trogdon provided timely responses on November 21, 2014, which included various objections and statements that he would supplement responses as additional information became available. On January 20, 2015, counsel for Kleenco emailed Trogdon's counsel seeking more complete responses by February 10, 2015. On February 24, 2015, after having not received a response from Trogdon's counsel, Kleenco's counsel sent a follow-up email again requesting the same completed responses. Trogdon's counsel immediately replied stating that she "should be able to get those [responses] to [Kleenco's counsel] this week." (Doc. 31-5). Ultimately, Trogdon's counsel did not respond until March 4, 2015, when she indicated that the only information she was prepared to give was an employment records release for Trogdon. (Doc. 31-6). Kleenco's counsel sent a final email request on March 6, 2015, to which Trogdon's counsel never responded, and the instant

motion to compel was filed on March 10, 2015. Since that time, Trogdon has provided an employment records release and a tax transcript release.

## II.     Legal Framework

Pursuant to Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" "Relevance under Rule 26 has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). In addition, Rule 26 "vests the district court with discretion to limit discovery if it determines, inter alia, the burden or expense of the proposed discovery outweighs its likely benefit." *Roberts v. Shawnee Mission Ford, Inc.*, 352 F.3d 358, 361 (8th Cir. 2003). Ultimately, determining the scope of discovery is within the discretion of the Court. *WWP, Inc. v. Wounded Warriors Family Support, Inc.*, 628 F.3d 1032, 1039 (8th Cir. 2011).

## III.    Analysis

According to the parties' correspondence, and as indicated in their filings related to the instant motion, the only remaining discovery requests to be dealt with are: Interrogatories 6(e), 8, 9, and 14, and Requests for Production 1, 2, 4, 6, 8, 9, 11, 15 and 17. The Court will address each of these issues in turn.

### A.     Supplemental Responses to Requests for Production 1, 2, 4, 6, 8, 9, 11, and 17

Throughout various responses to discovery requests, and as confirmed in follow-up correspondence between parties' counsel, Trogdon indicates that certain responses will be supplemented. Kleenco argues that it is unclear whether Trogdon is in possession of documents or information responsive to requests and will supplement at some later time, or whether Trogdon

is not in possession of any responsive documents or information but will supplement if they become available.

It is clear from Trogdon's response to the instant motion that he recognizes his duty under Rule 26(e) to supplement his earlier responses with any unprivileged documents or information that may come into his possession that are responsive to a discovery request. However, the Court agrees that Trogdon's position on providing supplemental responses is somewhat ambiguous in relation to Requests for Production 1, 2, 4, 6, 8, 9, 11, and 17. In order to reach the crux of the matter, the Court has reviewed these requests for production and finds that each seeks relevant and discoverable information. Therefore, to the extent Trogdon is in possession of unprivileged documents responsive to any of these requests, the Court finds that Trogdon should produce them. This also applies to responsive documents in the possession of any nonparty if Trogdon "has a legal right to obtain the document or has control over the entity who is in possession of the document." *Washam v. Evans*, 2011 WL 2559850, at *1 (E.D. Ark. June 29, 2011). The Court will not compel Trogdon to produce documents he does not possess, but Trogdon will be expected to continue to comply with his duty to supplement responses to these requests as necessary under Rule 26(e). Accordingly, the Court finds that the motion to compel should be GRANTED insofar as Trogdon is to supplement his original responses to Requests for Production 1, 2, 4, 6, 8, 9, 11, and 17 with any unprivileged documents that are in his possession and responsive to the requests.

### B.   Interrogatories 8, 9, and 14

These interrogatories seek (1) specific amounts of damages Trogdon is claiming for the violations alleged in his complaint and the identity of documents supporting those claims; (2) each specific week Trogdon is claiming he was not appropriately compensated; and (3) the specific dates Trogdon is claiming to have worked through his lunch break and not received compensation.

Trogdon has not provided this information based on his unwillingness to speculate on amounts and on his belief that the information will be contingent on the outcome of his pending motion for conditional certification. These reasons for not fully responding are without merit. This information is directly relevant to Trogdon's claims and he should be able to provide at least reasonable estimates of the damages he is seeking based on the times he claims he was not properly compensated. Moreover, whether or not Trogdon's FLSA claims are conditionally certified as a collective action has no bearing on his claims, which will proceed no matter the result of that pending motion. Therefore, Kleenco's motion is GRANTED to the extent it seeks to compel Trogdon's full and complete responses to Interrogatories 8, 9, and 14.

> **C.   Request for Production 15**

This request seeks copies of any and all documents relating to compensation received by Trogdon from Kleenco. Specifically, Kleenco has explained that this request seeks Trogdon's tax records. Trogdon has provided a release for a transcript of his tax return to Kleenco by means of a 4506-T form. Kleenco, however, stated that it specifically asked for actual tax records rather than a release.

"Federal courts generally resist the discovery of tax returns." *E.E.O.C. v. Ceridian Corp.*, 610 F. Supp. 2d. 995, 996 (D. Minn. 2008). Here, Kleenco has provided no substantive argument as to why it should be entitled to copies of Trogdon's tax records beyond what Trogdon has already provided through the release of his tax transcript. Moreover, Kleenco should already have adequate access to records of payments it made to Trogdon in its own files. Therefore, absent some further showing of relevance, the Court declines to require Trogdon to produce any additional tax records. Accordingly, the Court finds that Kleenco's motion as it relates to Request for Production 15 should be DENIED.

### D.     Interrogatory 6(e)

This interrogatory asks for Trogdon's start date at his current employer, Benton County, Arkansas. Trogdon's initial responses listed "Winter of 2013" as his start date. (Doc. 31-2). Counsel for Kleenco seek to compel Trogdon to provide a specific date rather than the general timeframe he provided. Trogdon notes that he has recently provided an employment release that will allow Kleenco to discover any of the information it may need related to his employment. Nonetheless, Trogdon provided no indication that he somehow lacked access to this information and, furthermore, provided no justification in the delay of providing an employment release after his agreement to do so and multiple follow-up requests by Kleenco's counsel. In that respect, Trogdon's unnecessary delay in providing the information is not sufficiently remedied by simply giving Kleenco the authorization to find the information itself, at least when the information should have been readily available to Trogdon. Accordingly, the Court finds that the motion to compel as it relates to Interrogatory 6(e) should be GRANTED.

### IV.    Costs and Fees

Generally, after granting a motion to compel, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). However, the court must not order payment if: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

Although there has been some delay in providing complete responses, the parties seem to have been working to resolve the issues discussed above in good faith. In addition, this case is still in its early stages, and neither party has been significantly prejudiced by the delay. For those reasons, the Court finds that an award of expenses would be unjust, and that the parties should bear their own costs and fees related to the filing of the instant motion.

## V.     Conclusion

IT IS THERFORE ORDERED that Kleenco's motion to compel (Doc. 31) is GRANTED IN PART and DENIED IN PART. The motion is GRANTED insofar as Trogdon is directed to produce complete responses to Interrogatories 6(e), 8, 9, and 14. In addition, the motion is GRANTED insofar as Trogdon is to produce supplemental responses to Requests for Production 1, 2, 4, 6, 8, 9, 11, and 17 to the extent responsive, unprivileged documents are in his possession. Each of these responses are due **no later than May 22, 2015**. The motion is DENIED insofar as Kleenco seeks disclosure of any additional tax records via Request for Production 15.

IT IS FURTHER ORDERED that the parties are to bear their own costs and fees related to the filing of the instant motion.

IT IS SO ORDERED this 15th day of May, 2015.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U. S. DISTRICT JUDGE