IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

STEPHEN TROGDON, ON BEHALF OF HIMSELF
AND ALL OTHERS SIMILARLY SITUATED                          **PLAINTIFF**

VS.                               CASE NO. CV-5:14-5057-PKH

KLEENCO MAINTENANCE &
CONSTRUCTION, INC.                                         **DEFENDANT**

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

THIS SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS (Agreement) is made and entered into by and between Donald Bland, Cordrice Clark, Michael Dewberry, Jerry Iteen, Daniel Klingman, Kyle Kuhn, Richard Luzzi, Timothy McClish, Dakodah Murray, Joel Pace, Jeff Payne, Thomas Ramsey, Johnathon Sizelove, Ronald Sizelove, Sean Smith, Jason Stacy, Stephen Trogdon, and Tyler Wever, which includes their agents, attorneys, heirs, dependents, personal representatives, executors, administrators, successors, and assigns (if any), collectively and individually referred to as "Plaintiffs," and Kleenco Maintenance & Construction, Inc., and its current and former officers, agents, shareholders, directors, employees, accountants, successors, insurers, professional employer organizations, related, affiliated, parent, or subsidiary corporations, and assigns and the respective current and former officers, agents, shareholders, directors, employees, attorneys, accountants, successors, insurers, and professional employer organizations of any parent, subsidiary, and affiliated entities (hereinafter collectively referred to as "Defendant"). Plaintiffs and Defendant are collectively referred to as "the Parties."

### STATEMENTS OF FACT

The Parties acknowledge and agree that:

It is the desire of the Parties to settle fully, finally, and forever any and all issues that may exist between them, including but not limited to, any claims, disputes, or other issues arising out of the relationship between Plaintiffs and Defendant and all claims that were or could have been asserted by Plaintiffs against Defendant in the above-captioned lawsuit ("Lawsuit"). Moreover, all Parties desire to resolve any and all claims which Plaintiffs may have against Defendant as of the date of the execution of this Agreement solely to avoid the cost and uncertainty of litigation; and

Therefore, in consideration of the statements and mutual promises contained in this Agreement, the Parties agree as follows:

EXHIBIT

1

## I.

Each Plaintiff understands that this is a voluntary waiver of any and all claims that relate in any way to his employment with, complaints about, compensation due, or separation of employment from Defendant whether known or unknown. Each Plaintiff understands the rights that have been waived by this Agreement. Each Plaintiff further represents and warrants that he is entering into this Agreement with advice from his own legal counsel, and executes it freely, knowingly, and voluntarily without fraud, duress, coercion, or undue influence.

## II.

In consideration of each party's promises and commitments contained in this Agreement, the Parties agree to the following:

A.   Plaintiffs will be paid as follows:

1.   Defendant will pay Plaintiff Donald Bland the gross amount of $616.44, less deductions and withholdings required by law, with $308.22 representing taxable wages for which Bland will be issued a 2016 IRS Form W-2, and the remaining $308.22 representing liquidated damages. Bland will be issued a 2016 IRS Form 1099 for his portion of liquidated damages. Bland agrees, within five (5) days following his execution of this Agreement, to provide Defendant with updated federal and state 2016 W-4 forms.

2.   Defendant will pay Plaintiff Cordrice Clark the gross amount of $1,232.88, less deductions and withholdings required by law, with $616.44 representing taxable wages for which Clark will be issued a 2016 IRS Form W-2, and the remaining $616.44 representing liquidated damages. Clark will be issued a 2016 IRS Form 1099 for his portion of liquidated damages.  Clark agrees, within five (5) days following his execution of this Agreement, to provide Defendant with updated federal and state 2016 W-4 forms.

3.   Defendant will pay Plaintiff Michael Dewberry the gross amount of $1,602.74, less deductions and withholdings required by law, with $801.37 representing taxable wages for which Dewberry will be issued a 2016 IRS Form W-2, and the remaining $801.37 representing liquidated damages. Dewberry will be issued a 2016 IRS Form 1099 for his portion of liquidated damages.  Dewberry agrees, within five (5) days following his execution of this Agreement, to provide Defendant with updated federal and state 2016 W-4 forms.

4. Defendant will pay Plaintiff Jerry Iteen the gross amount of $616.44, less deductions and withholdings required by law, with $308.22 representing taxable wages for which Iteen will be issued a 2016 IRS Form W-2, and the remaining $308.22 representing liquidated damages. Iteen will be issued a 2016 IRS Form 1099 for his portion of liquidated damages. Iteen agrees, within twenty (20) days following his execution of this Agreement, to provide Defendant with updated federal and state 2016 W-4 forms.

5. Defendant will pay Plaintiff Daniel Klingman the gross amount of $1,479.45, less deductions and withholdings required by law, with $739.72 representing taxable wages for which Klingman will be issued a 2016 IRS Form W-2, and the remaining $739.73 representing liquidated damages. Klingman will be issued a 2016 IRS Form 1099 for his portion of liquidated damages. Klingman agrees, within five (5) days following his execution of this Agreement, to provide Defendant with updated federal and state 2016 W-4 forms.

6. Defendant will pay Plaintiff Kyle Kuhn the gross amount of $1,849.32, less deductions and withholdings required by law, with $924.66 representing taxable wages for which Kuhn will be issued a 2016 IRS Form W-2, and the remaining $924.66 representing liquidated damages. Kuhn will be issued a 2016 IRS Form 1099 for his portion of liquidated damages. Kuhn agrees, within five (5) days following his execution of this Agreement, to provide Defendant with updated federal and state 2016 W-4 forms.

7. Defendant will pay Plaintiff Richard Luzzi the gross amount of $986.30, less deductions and withholdings required by law, with $493.15 representing taxable wages for which Luzzi will be issued a 2016 IRS Form W-2, and the remaining $493.15 representing liquidated damages. Luzzi will be issued a 2016 IRS Form 1099 for his portion of liquidated damages. Luzzi agrees, within five (5) days following his execution of this Agreement, to provide Defendant with updated federal and state 2016 W-4 forms.

8. Defendant will pay Plaintiff Timothy McClish the gross amount of $6,164.38, less deductions and withholdings required by law, with $3,082.19 representing taxable wages for which McClish will be issued a 2016 IRS Form W-2, and the remaining $3,082.19 representing liquidated damages. McClish will be issued a 2016 IRS Form 1099 for his portion of liquidated damages. McClish agrees, within five (5) days following his execution of this Agreement, to provide Defendant with updated federal and state 2016 W-4 forms.

9. Defendant will pay Plaintiff Dakodah Murray the gross amount of $614.44, less deductions and withholdings required by law, with $307.22 representing taxable wages for which Murray will be issued a 2016 IRS Form W-2, and the remaining $307.22 representing liquidated damages. Murray will be issued a 2016 IRS Form 1099 for his portion of liquidated damages. Murray agrees, within five (5) days following his execution of this Agreement, to provide Defendant with updated federal and state 2016 W-4 forms.

10. Defendant will pay Plaintiff Joel Pace the gross amount of $1,849.32, less deductions and withholdings required by law, with $924.66 representing taxable wages for which Pace will be issued a 2016 IRS Form W-2, and the remaining $924.66 representing liquidated damages. Pace will be issued a 2016 IRS Form 1099 for his portion of liquidated damages. Pace agrees, within five (5) days following his execution of this Agreement, to provide Defendant with updated federal and state 2016 W-4 forms.

11. Defendant will pay Plaintiff Jeff Payne the gross amount of $3,821.92, less deductions and withholdings required by law, with $1,910.96 representing taxable wages for which Payne will be issued a 2016 IRS Form W-2, and the remaining $1,910.96 representing liquidated damages. Payne will be issued a 2016 IRS Form 1099 for his portion of liquidated damages. Payne agrees, within five (5) days following his execution of this Agreement, to provide Defendant with updated federal and state 2016 W-4 forms.

12. Defendant will pay Plaintiff Thomas Ramsey the gross amount of $3,821.92, less deductions and withholdings required by law, with $1,910.96 representing taxable wages for which Ramsey will be issued a 2016 IRS Form W-2, and the remaining $1,910.96 representing liquidated damages. Ramsey will be issued a 2016 IRS Form 1099 for his portion of liquidated damages. Ramsey agrees, within five (5) days following his execution of this Agreement, to provide Defendant with updated federal and state 2016 W-4 forms.

13. Defendant will pay Plaintiff Johnathon Sizelove the gross amount of $1,479.45, less deductions and withholdings required by law, with $739.72 representing taxable wages for which Johnathon Sizelove will be issued a 2016 IRS Form W-2, and the remaining $739.73 representing liquidated damages. Johnathon Sizelove will be issued a 2016 IRS Form 1099 for his portion of liquidated damages. Johnathon Sizelove agrees, within five (5) days following his execution of this Agreement, to provide Defendant with updated federal and state 2016 W-4 forms.

14. Defendant will pay Plaintiff Ronald Sizelove the gross amount of $1,479.45, less deductions and withholdings required by law, with $739.72 representing taxable wages for which Ronald Sizelove will be issued a 2016 IRS Form W-2, and the remaining $739.73 representing liquidated damages. Ronald Sizelove will be issued a 2016 IRS Form 1099 for his portion of liquidated damages. Ronald Sizelove agrees, within five (5) days following his execution of this Agreement, to provide Defendant with updated federal and state 2016 W-4 forms.

15. Defendant will pay Plaintiff Sean Smith the gross amount of $616.44, less deductions and withholdings required by law, with $308.22 representing taxable wages for which Smith will be issued a 2016 IRS Form W-2, and the remaining $308.22 representing liquidated damages. Smith will be issued a 2016 IRS Form 1099 for his portion of liquidated damages. Smith agrees, within twenty (20) days following his execution of this Agreement, to provide Defendant with updated federal and state 2016 W-4 forms.

16. Defendant will pay Plaintiff Jason Stacy the gross amount of $616.44, less deductions and withholdings required by law, with $308.22 representing taxable wages for which Stacy will be issued a 2016 IRS Form W-2, and the remaining $308.22 representing liquidated damages. Stacy will be issued a 2016 IRS Form 1099 for his portion of liquidated damages. Stacy agrees, within five (5) days following his execution of this Agreement, to provide Defendant with updated federal and state 2016 W-4 forms.

17. Defendant will pay Plaintiff Stephen Trogdon the gross amount of $13,561.64, less deductions and withholdings required by law, with $6,780.82 representing taxable wages for which Trogdon will be issued a 2016 IRS Form W-2, and the remaining $6,780.82 representing liquidated damages. Trogdon will be issued a 2016 IRS Form 1099 for his portion of liquidated damages. Trogdon agrees, within five (5) days following his execution of this Agreement, to provide Defendant with updated federal and state 2016 W-4 forms.

18. Defendant will pay Plaintiff Tyler Wever the gross amount of $2,589.04, less deductions and withholdings required by law, with $1,294.52 representing taxable wages for which Wever will be issued a 2016 IRS Form W-2, and the remaining $1,294.52 representing liquidated damages. Wever will be issued a 2016 IRS Form 1099 for his portion of liquidated damages. Wever agrees, within five (5) days following his execution of this Agreement, to provide Defendant with updated federal and state 2016 W-4 forms.

B.  Defendant will pay to Keith, Miller, Butler, Schneider & Pawlik, PLLC the total amount of $55,000.00 representing attorney fees and costs incurred in litigation of this matter. Defendant will issue a 2016 IRS Form 1099 in this amount.

C.  Provided that each Plaintiff has submitted to Defendant updated federal and state 2016 W-4 forms, Defendant will deliver all checks to Keith, Miller, Butler, Schneider & Pawlik, PLLC within thirty (30) days following dismissal of the lawsuit by the Court.

## III.

Plaintiffs shall be responsible for the correct payment of and reporting, including, but not limited to, the filing of tax returns, where required by law, with any and all federal, state, and local income tax authorities, of all payments received under this Agreement and shall pay all taxes, duties, levies, or imposts due or owing from Plaintiffs to any and all such taxing authorities. Plaintiffs agree to indemnify, defend, and hold harmless Defendant from and against any and all claims, demands, and causes of action that in any way arise from or otherwise relate to the failure of Plaintiffs to report or pay any and all taxes due or owing from Plaintiffs to any and all taxing authorities as related to the payment received under this Agreement. Plaintiffs agree that this indemnity obligation set out in this section shall include, but not be limited to, any and all payments, settlements, judgments, losses, damages, liabilities, taxes, penalties, assessments, fines, interest, reasonable costs of defense, including reasonable attorney fees, and other expenses arising from this indemnity obligation.

## IV.

In return for Defendant's payment of the valuable and sufficient consideration outlined in Section II above, the sufficiency of which is hereby acknowledged, Plaintiffs fully, finally, and forever release and discharge Defendant from any and all known or unknown claims, obligations, and liabilities, including those for personal injury; for compensatory, punitive, and liquidated damages; for wages, salaries, commissions, and bonuses; for wage deductions, back pay, front pay, court costs, and attorney fees; for job assignments, promotions, transfers, and past due or future employment; for benefits, including but not limited to health, dental, and life insurance, pension, retirement, and/or 401(k) benefits; for monetary damages for intentional infliction of mental and/or emotional distress, defamation, breach of contract, wrongful termination, misrepresentation, and assault and battery; and for any other known or unknown causes, claims, or demands which Plaintiffs have, had, or may have had that relate in any way to Plaintiffs' relationship with, separation from, complaints about, and compensation and benefits due from, Defendant which were or could have been asserted in the Lawsuit. This Release is made on behalf of Plaintiffs, their dependents, heirs, executors, administrators, and agents including successors and assigns.

Plaintiffs agree that they will seek dismissal, with prejudice, of the Complaint in the Lawsuit by filing a Joint Motion to Dismiss with Prejudice with the Court. In addition,

Plaintiffs specifically release any and all claims of any kind whatsoever that he has, had, or may have had against Defendant as of the date of Plaintiffs' execution of this Agreement under the following:

(1)   Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000e, *et seq.*);

(2)   the Age Discrimination in Employment Act of 1967, as amended (29 U.S.C. § 621 *et seq.*);

(3)   the Civil Rights Acts of 1866, 1871, 1964 and 1991;

(4)   the Americans with Disabilities Act of 1990, as amended (42 U.S.C. § 12101 *et seq.*);

(5)   the ADA Amendments Act of 2008, (42 U.S.C. § 12101, *et seq.*);

(6)   the Rehabilitation Act of 1973, as amended (29 U.S.C. § 701 *et seq.*);

(7)   the Genetic Information Nondiscrimination Act of 2008, (42 USC § 2000ff, *et seq.*);

(8)   the Equal Pay Act of 1963, as amended (29 U.S.C. § 206(d), *et seq.*);

(9)   the Arkansas Civil Rights Act, as amended (Ark. Code Ann. §16-123-101 *et seq.*);

(10)  the Uniform Contribution Among Tortfeasors Act, as amended (Ark. Code Ann. § 16-61-201 *et seq.*);

(11)  the Fair Credit Reporting Act, as amended (15 U.S.C. § 1681 *et seq.*);

(12)  the Occupational Health and Safety Act of 1970, as amended (29 U.S.C. § 651 *et seq.*) or any applicable state safety and health statutes, regulations, or common law;

(13)  the Family and Medical Leave Act, as amended (29 U.S.C. § 2601, *et seq.*);

(14)  the Arkansas Minimum Wage Act, as amended (Ark. Code Ann. § 11-4-201, *et seq.*);

(15)  the Fair Labor Standards Act, as amended (29 U.S.C. § 201, *et seq.*);

(16)  any and all claims under the laws of any state, county, municipality or other governmental subdivision of the United States or any state, including but not limited to, the State of Arkansas; and

(17)  any and all other relevant federal, state, local laws, unjust enrichment/quantum meruit, common laws, tort, contract, or statutory claims, and/or any claims for attorneys' fees and costs.

Plaintiffs acknowledge that Defendant has made certain good faith representations in this Agreement, consistent with applicable law, to the best of Defendant's knowledge at the time of offering this Agreement. Plaintiffs fully understand that, if any fact with respect to any matter covered by this Agreement is found hereafter to be other than or different from the facts now believed by Plaintiffs to be true, Plaintiffs expressly accept and assume that this Agreement shall be and remain effective, notwithstanding such difference in the facts, if any.  Plaintiffs understand and agree that, even if they should eventually suffer additional damages arising out of the matters released by this Agreement, they will not be able to make any claims for those

damages; provided, however, this Agreement does not release any rights or claims arising after the date this Agreement is signed.

## V.

Plaintiffs expressly acknowledge that this Agreement contemplates the extinguishment of all their claims against Defendant relating to Plaintiffs' relationship with, separation from, complaints about, and compensation and benefits due from Defendant, the validity, existence, and occurrence of which are expressly denied by Defendant.

Plaintiffs further agree to defend and hold Defendant harmless from any and all claims, including, but not limited to, third party claims and/or cross-claims brought against Defendant arising out of any action taken by Plaintiffs against another person and/or entity which were or could have been raised in this Action. Plaintiffs agree that their indemnity or obligation set out in this paragraph shall include, but not be limited to, any and all payments, settlements, judgments, losses, damages, liabilities, taxes, penalties, assessments, fines, interest, costs of defense, attorney fees, and other expenses arising out of or incurred in connection with the matters with respect to which Plaintiffs have agreed to indemnify and hold harmless Defendant.

## VI.

Plaintiffs represent and warrant that they have not assigned to a third party any of their current or potential claims against Defendant.

## VII.

This Agreement shall not in any way be construed as an admission by Defendant of any liability whatsoever or as an admission by Defendant of any acts of wrongdoing or violation of the FLSA, AMWA, and any other law against Plaintiffs or any other persons. In fact, Defendant specifically disclaims any liability to and wrongdoing or violation of the FLSA, AMWA, and any other law against Plaintiffs or any other persons. Defendant affirmatively states that it has fully complied with all applicable laws, statutes, regulations, and ordinances.

## VIII.

If Plaintiffs or Defendant in good faith believe that a violation of this Agreement has occurred, Plaintiffs or Defendant may present this Agreement to any court of competent jurisdiction for purposes of obtaining injunctive and/or monetary relief, as well as damages arising from any breach. The Parties agree that whether a violation of this Agreement has occurred shall be determined by a court of competent jurisdiction.

## IX.

Nothing in this Agreement shall interfere with Plaintiffs' right to file a charge, cooperate, or participate in an investigation proceeding conducted by the Equal Employment Opportunity Commission. However, the consideration provided to Plaintiffs in this Agreement shall be the sole relief provided to them for the claims that are released in the Agreement and they will not be able to recover any monetary benefits in connection with any such claim, charge, or proceeding.

## X.

This Agreement is deemed by the Parties to be made and entered into in the State of Arkansas. It shall be interpreted, enforced, and governed under the laws of Arkansas.

## XI.

The provisions of this Agreement are severable, and if any part of it is found to be unenforceable, the other parts shall remain fully valid and enforceable.

## XII.

Plaintiffs have not relied on any information provided or statements made by Defendant or any of its agents, representatives, or attorneys that are not contained in this Agreement. In return for executing this Agreement, Plaintiffs are receiving only the consideration described in this Agreement.

## XIII.

All Plaintiffs other than Trogdon agree that this Agreement contains the entire agreement between the Parties, and it replaces any prior agreements or understandings between the Parties. Plaintiff Trogdon agrees and acknowledges that he has entered into a Supplemental Settlement Agreement and Release of Claims. Trogdon agrees that this Agreement, along with the Supplemental Agreement and Release of Claims, together constitute the entire agreement between the Parties, and replace any prior agreements or understandings between the Parties. All modifications to this Agreement must be made in writing and signed by the Parties.

## XIV.

Plaintiffs agree that a signed and faxed copy or signed and emailed copy of this Agreement is just as valid as an original signed copy of this Agreement.

## XV.

This Agreement will not become effective and enforceable until all Parties have signed the Agreement and the Court has approved the Agreement and entered an Order Dismissing the Lawsuit, with prejudice.

Approved by Opt-in Plaintiff Donald Bland:

DONALD BLAND

Subscribed and sworn to before me as of the _19th_ day of _September_, 2016.

My Commission Expires:

_9-30-22_

_Sherry E Kramer_
Notary Public

Approved by Opt-in Plaintiff Cordrice Clark:

CORDRICE CLARK

Subscribed and sworn to before me as of the 19th day of September, 2016.

My Commission Expires:

10/28/2022

Notary Public

OFFICIAL SEAL
Notary Public, State of West Virginia
BARBARA S HARMAN
Martinsburg Public Library
101 W. King Street
Martinsburg, WV 25401
My commission expires October 28, 2022

**Approved by Opt-in Plaintiff Michael Dewberry:**

_____

MICHAEL DEWBERRY

Subscribed and sworn to before me as of the _8th_ day of _September_, 2016.

My Commission Expires:

_11/7/24_

_____

Notary Public

Ashley N. Johns
Commission # 12402004
Notary Public - Arkansas
Benton County
Comm. Expires Nov. 7, 2024

**Approved by Opt-in Plaintiff Jerry Iteen:**

_____

JERRY ITEEN

Subscribed and sworn to before me as of the _____ day of _____, 2016.

My Commission Expires:

_____        _____

                              Notary Public

**Approved by Opt-in Plaintiff Daniel Klingman:**

DANIEL KLINGMAN

Subscribed and sworn to before me as of the ___9___ day of ___September___, 2016.

My Commission Expires:

11/7/24

Notary Public

Ashley N. Johns
Commission # 12402004
Notary Public – Arkansas
Benton County
Comm. Expires Nov. 7, 2024

**Approved by Opt-in Plaintiff Kyle Kuhn:**

KYLE KUHN

Subscribed and sworn to before me as of the 16th day of September , 2016.

My Commission Expires:

12/26/2017

Stephanie K Gibbs

Notary Public

STEPHANIE K. GIBBS
BENTON COUNTY
NOTARY PUBLIC - ARKANSAS
My Commission Expires December 26, 2017
Commission No. 12655042

**Approved by Opt-in Plaintiff Richard Luzzi:**

RICHARD LUZZI

Subscribed and sworn to before me as of the 12th day of September, 2016.

My Commission Expires:

11|7|24

Notary Public

Ashley N. Johns
Commission # 12402004
Notary Public - Arkansas
Benton County
Comm. Expires Nov. 7, 2024

**Approved by Opt-in Plaintiff Timothy McClish:**

_Timothy a. McClish_
_Timothy a. McClish_
TIMOTHY MCCLISH

Subscribed and sworn to before me as of the ___19___ day of ___September___, 2016.

My Commission Expires:

_April 07, 2022_

_Mindy N LaPierre_
Notary Public

MINDY N LAPIERRE
NOTARY PUBLIC
SEAL
STATE OF INDIANA
MY COMMISSION EXPIRES APRIL 07, 2022

**Approved by Opt-in Plaintiff Dakodah Murray:**

DAKODAH MURRAY

Subscribed and sworn to before me as of the 12th day of September, 2016.

My Commission Expires:

12/26/2017

Notary Public

STEPHANIE K GIESS
BENTON COUNTY
NOTARY PUBLIC - ARKANSAS
My Commission Expires December 26, 2017
Commission No. 12353062

**Approved by Opt-in Plaintiff Joel Pace:**

JOEL PACE.

Subscribed and sworn to before me as of the 9th day of September, 2016.

My Commission Expires:

11 7 24

Notary Public

Ashley N. Johns
Commission # 12402004
Notary Public • Arkansas
Benton County
Comm. Expires Nov. 7, 2024

**Approved by Opt-in Plaintiff Jeff Payne:**

JEFF PAYNE

Subscribed and sworn to before me as of the 15th day of September, 2016.

My Commission Expires:

12-27-2023

Notary Public

**Approved by Opt-in Plaintiff Thomas Ramsey:**

*Thomas Ramsey*
THOMAS RAMSEY

DL  8906-43-4604      Exp 9-5-18

Subscribed and sworn to before me as of the 24th day of September, 2016.

My Commission Expires:

11-8-2016

*Shirley Elsworth*
Notary Public

~~Commission Exp~~   State: IN
County: Madison

**Approved by Opt-In Plaintiff Johnathon Sizelove:**

_(signature)_

JOHNATHON SIZELOVE

Subscribed and sworn to before me as of the _26th_ day of _September_ , 2016.

My Commission Expires:

_Sept 15, 2020_

_Stephanie A. McCune_
Notary Public

STEPHANIE A MC CUNE
Madison County
NOTARY PUBLIC
Comm. # 637044
NOTARY SEAL
My Commission
Expires 09-15-2020
STATE OF INDIANA

**Approved by Opt-in Plaintiff Ronald Sizelove:**

RONALD SIZELOVE

Subscribed and sworn to before me as of the 26th day of September _____, 2016.

My Commission Expires:

Sept 15, 2020

Stephanie A. McCune
Notary Public

**Approved by Opt-in Plaintiff Sean Smith:**

SEAN SMITH

Subscribed and sworn to before me as of the _21_ day of _Sep_____, 2016.

My Commission Expires:

_____              _____
                                      Notary Public

**Approved by Opt-in Plaintiff Jason Stacy:**

JASON STACY

Subscribed and sworn to before me as of the 12th day of September , 2016.

My Commission Expires:

12/26/2017

Stephanie K Gibbs

Notary Public

STEPHANIE K GIBBS
BENTON COUNTY
NOTARY PUBLIC - ARKANSAS
My Commission Expires December 26, 2017
Commission No. 12353942

**Approved by Plaintiff Stephen Trogdon:**

_(signature)_

STEPHEN TROGDON

Subscribed and sworn to before me as of the 9th day of September , 2016.

My Commission Expires:

11/7/24

Notary Public _(signature)_

Ashley N. Johns
Commission # 12402004
Notary Public - Arkansas
Benton County
Comm. Expires Nov. 7, 2024

**Approved by Opt-in Plaintiff Tyler Wever:**

_____

TYLER WEVER

Subscribed and sworn to before me as of the __9th__ day of __September__, 2016.

My Commission Expires:

__11/7/29__

Notary Public

Ashley N. Johns
Commission # 12402004
Notary Public – Arkansas
Benton County
Comm. Expires Nov. 7, 2024

Approved:

Kristin L. Pawlik (#99177)
George M. Rozzell, IV (#2008032)
**Keith, Miller, Butler, Schneider & Pawlik, PLLC**
224 S. 2nd Street
Rogers, AR  72756
kpawlik@arkattorneys.com
grozzell@arkattorneys.com

**ATTORNEYS FOR PLAINTIFFS**

Approved by Defendant:

by Noah Rosen, President
Kleenco Maintenance & Construction, Inc.


Approved:

Carolyn B. Witherspoon (#78172)
Missy McJunkins Duke (#99167)
**Cross, Gunter, Witherspoon & Galchus, P.C.**
500 President Clinton Avenue, Suite 200
Little Rock, AR 72201
cspoon@cgwg.com
mduke@cgwg.com

ATTORNEYS FOR DEFENDANT